# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3614 | **DATE** | 9/13/2000 |
| **CASE TITLE** | THOMAS DEGRANGE,et al vs. RICHARD WOLD MEDICAL INSTRUMENTS | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: this court denies RWMIC motion for summary judgment[11-1].
Status hearing set for 10/02/00 at 9:30a.m.

(11) ■ [For further detail see

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 15 2000 | date docketed | |
| ✓ | Docketing to mail notices. | | | | 35 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | ED-7 FILED FOR DOCKETING | | |
| TBK | courtroom deputy's initials | | 00 SEP 14 PM 3: 23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THOMAS DEGRANGE and
URSULA LENTZ

    Plaintiffs,

    v.

RICHARD WOLF MEDICAL
INSTRUMENTS CORP.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 99 C 3614

Judge Ronald A. Guzman

**DOCKETED**

SEP 1 5 2000

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Richard Wolf Medical Instruments Corp. partial motion for summary judgment as to Plaintiff Thomas DeGrange pursuant to Fed. R. Civ. Proc. 56(b). For the reasons set forth below this motion is denied (#11-1).

## BACKGROUND FACTS

Plaintiff Richard DeGrange ("DeGrange") was terminated by Defendant Richard Wolf Medical Instruments, Corp ("RWMIC") on February 18, 1999. RWMIC is in the business of manufacturing and distributing medical instruments. DeGrange's claims allege discriminatory discharge under Fair Labor Standards Act, 29 U.S.C. §215 (a)(3) and Illinois state law. DeGrange alleges that he was discharged by RWMIC because he was "potentially a witness or participant in the investigation of RWMIC by the United States Department of Labor, Wage and Hour

35

Division," ("DOL") and because of his close personal friendship with Eric Dahlinger, DeGrange's supervisor, who was allegedly discharged in January of 1999 for suspected participation in the DOL investigation. RWMIC claims, however, that they did not suspect Dahlinger. At the time DeGrange was terminated RWMIC set forth no reasons in its letter of termination to explain why he was being discharged. Prior to his discharge, RWMIC had not complained to DeGrange about his job performance.

The Wage and Hour Divisions's audit of RWMIC, which concerned overtime wage practices, and a variety of perceived unlawful wage practices began on August 20, 1998. It is disputed whether this investigation was commenced after receiving a complaint from co-worker Ursula Lentz, also supervised by Dahlinger, or whether she simply provided information after being contacted by the DOL. DeGrange himself had complained to RWMIC's Human Resource Manager, Marianne Stepp about being docked the day after Thanksgiving. DeGrange also notified Eric Dahlinger of his complaint. On January 27, 1999 both Dahlinger and Lentz were fired from their positions at RWMIC. Lentz and Dahlinger believed they had been fired for suspicion of reporting RWMIC to the Department of Labor. RWMIC denies that this was the basis for terminating Dahlinger pointing out that Dahlinger's complaints were actually made to the Illinois Department of Labor.

DeGrange was not contacted by the Wage & Hour Divisions of the DOL until ten days or more after his position was terminated. At this time he was interviewed by Christine Becker, Field Investigator for the DOL, Wage and Hour Division. DeGrange's complaint concerned two days of vacation, one of which was the day after Thanksgiving, which were docked from his salary even though he is salaried and exempt form overtime.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. *O'Connor v. DePaul University*, 123 F. 3d 665, 669 (&th Cir. 1997). "A dispute over material facts is genuine if 'the evidence is such that a reasonable jury could retrun a verdict for the nonmoving party.'" *Kennedy v. Children's Serv. Soc'y of Wis.*, 17 F. 3d 980, 983 (7th Cir. 1994 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 LO. Ed. 2d 202 (1986)). Once the moving party has supported its motion for summary judgment, the "adverse party man not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Any facts asserted in the movant's affidavit will be accepted by the court as true unless the adverse party submits its own affidavits or other documentary evidence contradicting the assertion. *Curtis v. Bembenek*, 48 F. 3d 281, 287 (7th Cir. 1995). If the adverse party does not respond with documentary evidence complying with Rule 56, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

DeGrange asserts a claim under section 15(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), alleging that RWMIC terminated him from his position in retaliation for complaining to management about being docked the day after Thanksgiving and because he was personal friends with at least one if not two employees who RWMIC suspected of contacting the

DOL. The narrow ground of RWMIC's motion for summary judgment on this claim is that

DeGrange had not engaged in protected activity or expression under section 15(a)(3) before the

adverse employment decision. It is undisputed that DeGrange did not file a formal complaint

instituting administrative or legal action. Instead, he complained to the Human Resouce

Manager at RWMIC that he was entitled to pay for the day after Thanksgiving.

Section 15(a)(3) of the FLSA provides:

> [I]t shall be unlawful for any person ... to discharge or in any manner discriminate
> against any employee because such emplyee has filed any complaint or instituted
> or caused to be instituted any proceeding under or related to this chapter, or has
> testified or is about to testify in any such proceeding, or has served or is about to
> serve on an industry committee...

To date the Seventh Circuit has not yet considered this exact question. Several circuits

have addressed whether an informal complaint of FLSA violations to a supervisor is activity

protected from retaliation under section 15(a)(3). As set forth in *Truex v. Hearst Comme. Inc.* 98

F. Supp 2d 652 (S D. TX 2000). The Sixth, Eight, Ninth, Tenth, and Eleventh Circuits have

held that an oral, internal complaint is sufficient to trigger the protection of section 15(a)(3). See

*EEOC v. Romeo Community Schools,* 976 F. 2d 985, 989-90 (6th Cir. 1992); *Brennan v. Maxey's*

*Yamaha, Inc.,* 513 F. 2d 179, 181 (8th Cir. 1975); *Lambert v. Ackerly,* 180 F. 3d 997, 1002-08

(9th Cir. 1999) (en banc); *Conner v. Schnuck Markets, Inc.,* 121 F. 3d 1390, 1394 (10th Cir.

1997); *EEOC v. White & Son Enterprises,* 881 F. 2d 1006, 1011-12 (11th Cir. 1989); see also

*Valerio v. Putnam Assocs, Inc.,* 173 F. 3d 35, 40-43 (1st Cir. 1999)(holding that section 15(a)(3)

protects an employee who has "lodged a written internal complant with his or her employer but

has not filed a judicial or administrative complaint"). Ony the Second Circuit has ruled

otherwise. See *Lambert v. Genesee Hosp.,* 10 F. 3d 46, 54-56 (2d Cir. 1993)(holding that the

plain language of [section 15(a)(3)] limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor.

While the Seventh Circuit has never expressly decided that issue of whether § 15(a)(3) protects conduct not specifically enumerated therein, see *Crowley v. Pace Suburban Bus Div.*, 938 F. 2d 797, 798 & n.3 (7th Cir. 1991) (noting that § 15(a)(3) has been broadly construed by other courts but also noting that this issue was not on appeal), it has nevertheless implicitly recognized that the section should be read broadly. In *Avita v. Metropolitan Club of Chicago, Inc.*, the court recognized that a plaintiff had a § 15(a)(3) cause of action when he was retaliated against for stating that he had not been paid for his overtime work in the course of an audit conducted by the Department of Labor. *Id.* 1223-24. In addition, in *Cuevas v. Monroe Street City Club, Inc.* 752 F. Supp. 1405, 1413 (N.D. Ill. 1990) (Shadur, J.) the court found that an employee's informal complaint at a staff meeting about the lack of compensation for work performed was protected from retaliation and in *Chisholm v. Foothill Capital Corp..*, 940 F. Supp. 1273, 1283 (N.D. Ill 1996)(Gettleman, J.) found a violation of § 15(a)(3) where the employee had only made a complaint internally within the company.

This court follows the majority view. Courts have observed that the language of section 15(a)(3), prohibiting discrimination against any employee who has "filed an complaint...under or related to this chapter," plausibly extends to complaints "filed" with employers. See *Lambert*, 180 F. 3d at 1004; *Valerio*, 173 F. 3d at 40-42. The Supreme Court has stated that the provision of the FLSA are "remedial and humanitarian in purpose" and "must not be interpreted and applied in a narrow, grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No.123*, 321 U.S. 590, 597, 64 S. Ct. 698, 88 L. Ed. 949 (1944). To exclude employees' internal

complaints of FLSA violations from the protection of section 15(a)(3) would discourage employees from attempting private conciliation with their employers. See *Valerio*, 173 F. 3d at 43. Under such an interpretation, employees would have to initiate judicial or administrative action before even talking to their employers in order to gain protection from reprisal.

In this case, it is undisputed that DeGrange complained about the docking of his pay on a day in which RWMIC was closed. He also told his supervisor Eric Dahlinger about it. In addition, Dahlinger and Lentz complained to RWMIC and were also both terminated shortly thereafter. DeGrange was subsequently interviewed by the DOL. Under these facts, it would be particularly inappriate to deny DeGrange the protection of section 15(a)(3) because he did not file a formal complaint with the DOL. In light of the language of section 15(a)(3), the purposes the section serves, and the Supreme Court's directive to interpret the FLSA broadly, this court concludes that DeGrange engaged in activity protected from retaliation under section 15(a)(3) even though he did not file a formal complaint.

As to the causation argument raised by RWMIC issues of fact preclude summary judgment. RWMIC claims that it had no reason to suspect that DeGrange would or had participated in the overtime wage audit conducted by the DOL because he was salaried and based over one thousand miles away from RWMIC corporate headquarters. However, that fact that DeGrange complained to management regarding the docking of his pay as well as all the circumstances surrounding his discharge, raises an issue of fact as to causation. Therefore, RWMIC's partial motion for summary judgment as to DeGrange's claim is denied.

## CONCLUSION

For the reasons set forth above this court denies RWMIC motion for summary judgment

(#11-1).


**SO ORDERED**

ENTERED: 9/13/00

**HON. RONALD A. GUZMAN**
**United States Judge**